# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RICHARD BIGHAM,

    Plaintiff,

vs.

HOWARD SKOLNIK, et al.,

    Defendants.

Case No. 2:10-CV-01475-RLH-(RJJ)

**ORDER**

        The court dismissed this action because it appeared that plaintiff had not paid the initial partial filing fee. Plaintiff has submitted a motion to reopen the case (#8), in which he shows that he did pay the fee, and the court's records now show payment. The court will reinstate the action.

        The court has reviewed plaintiff's civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff will need to file an amended complaint. When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. <u>North Star Intern. v. Arizona Corp. Comm'n</u>, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all

material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. Russell v. Landrieu, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

Plaintiff alleges that he is diabetic. On July 1, 2010, at the Southern Desert Correctional Center, he was given an unsealed syringe, without any safety features, to give himself a shot of insulin. Plaintiff declined to administer the insulin because he had no way to know whether the syringe had been used previously. Later that evening, plaintiff did give himself a shot of insulin with an unsealed syringe because his blood-sugar level was too high. After the injection, plaintiff noticed a bag of these syringes with an expiration date of February 2010. Around a couple of weeks later, plaintiff developed blood blisters on his feet, and blood clots remained through the end of August 2010.

"[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under section 1983." Estelle v. Gamble, 429 U.S. 97, 105 (1976). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (quoting Gamble, 429 U.S. 104), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Deliberate indifference is subjective. The prison official cannot be held liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 838 (1994). "A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established." McGuckin, 974 F.2d at 1060.

Plaintiff has submitted a statement of facts (#4) that indicates that the defendants named in the complaint were not deliberately indifferent. He alleges in the complaint that Howard Skolnik, the Director of the Nevada Department of Corrections, and Brian Williams, the Warden of the Southern Desert Correctional Center, allowed the purchase of these syringes. He also alleges

1. that Catherine Cortez Masto, the Attorney General of the State of Nevada, gave either poor advice
2. or no advice to prison commissioners or prison staff about the liabilities of using unsealed syringes.
3. However, in the statement of facts (#4) plaintiff states that the director of nursing at Southern Desert
4. Correctional Center, Cheryl Dressler, purchased the syringes as a favor to a friend.  In effect,
5. plaintiff is suing the named defendants for the failings of a subordinate.  "Under Section 1983,
6. supervisory officials are not liable for actions of subordinates on any theory of vicarious liability. . .
7. .  A supervisor may be liable if there exists either (1) his or her personal involvement in the
8. constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful
9. conduct and the constitutional violation."  Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir. 1989).
10. The named defendants could not have been deliberately indifferent to the risk of using unsealed
11. syringes if a person several rungs down the organizational ladder took it upon herself to buy the
12. syringes and if the named defendants had no knowledge of that action.
13.       Plaintiff also has sued unnamed prison medical staff members.  He will need to
14. identify those people in an amended complaint before the action can proceed against them.
15.       IT IS THEREFORE ORDERED that plaintiff's motion to reopen the case (#8) is
16. **GRANTED**.  The order (#5) and judgment (#6) dismissing this action are **VACATED**, and this
17. action is **REINSTATED**.
18.       IT IS FURTHER ORDERED that the clerk of the court file the complaint.
19.       IT IS FURTHER ORDERED that the complaint is **DISMISSED** for failure to state a
20. claim upon which relief can be granted, with leave to amend.  The clerk shall send to plaintiff a civil
21. rights complaint form with instructions.  Plaintiff will have thirty (30) days from the date that this
22. order is entered to submit his amended complaint, if he believes that he can correct the noted
23. deficiencies.  Failure to comply with this order will result in the dismissal of this action.
24. ///
25. ///
26. ///
27. ///
28. ///

IT IS FURTHER ORDERED that plaintiff shall clearly title the amended complaint as such by placing the word "AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, 2:10-CV-01475-RLH-(RJJ), above the word "AMENDED."

DATED: March 11, 2011.

_____
ROGER L. HUNT
Chief United States District Judge