UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD BIGHAM, | Case No.: 2:10-cv-01475-RLH-GWF |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Dismiss–#31; |
| | Motion to Dismiss–#34; |
| HOWARD SKOLNIK, *et al.*, | Motion to Extend Time–#51) |
| Defendants. | |

      Before the Court is Defendants Teodoro Bernardo and Cheryl Dressler's **Motion to Dismiss** (#31, filed Oct. 14, 2011) for failure to exhaust administrative remedies.  Defendant MBI Medical Supply joined this motion. (#35, filed Oct. 18).  The Court has also considered Plaintiff Richard Bigham's Opposition to Bernardo and Dressler's motion (#38, filed Dec. 9) and MBI's joinder (#39, Dec. 9), as well as Bernardo and Dressler's Reply (#41, filed Dec. 15).

      Also before the Court is MBI's **Motion to Dismiss** (#34, filed Oct. 18) for failure to state a claim.  Bigham did not file an Opposition to this motion.

      Finally, before the Court is Bernardo and Dressler's **Motion for Extension of Time** (#51, filed Feb. 7, 2012), which MBI has joined (#53, filed Feb. 7).

1

**BACKGROUND**

This is a civil rights action filed under § 1983 by Richard Bigham, an inmate at the Southern Desert Correctional Center in Indian Springs, Nevada. Bigham alleges that in July 2010, he went to the infirmary at the correctional center for an insulin shot. He alleges that Dressler provided him with an unsterile syringe that was subject to recall with which to perform the shot. Bigham also alleges that MBI sold these recalled syringes to the prison. Finally, Bigham alleges that Bernardo, a nurse at the correctional facility, failed to treat his infected toe. Bigham filed the lawsuit in August 2010 and the Defendants have now filed the present motions to dismiss. For the reasons discussed below, the Court grants Defendants' motions. Consequently, Bernardo and Dressler's motion for extension of time is denied as moot.

**DISCUSSION**

**I.   Dressler and Bernardo's Motion to Dismiss for Failure to Exhaust**

The Prison Litigation Reform Act ("PLRA") requires an inmate to exhaust "such administrative remedies as are available" before filing a lawsuit. 42. U.S.C. § 1997e(a). An unenumerated motion to dismiss can be brought if an inmate fails to exhaust such administrative remedies. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). To exhaust his administrative remedies, an inmate must use "all steps that the agency holds out, and do[] so *properly* . . . ." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (citing *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (2002) (emphasis in original). Thus, a prison's own procedures define the contours of proper exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). In Nevada, the Nevada Department of Corrections Administrative Regulation 740 governs the inmate grievance process. Under this regulation, an inmate can file a grievance at an initial informal level, and appeal said grievance through two additional levels.

In Count I of his Amended Complaint (#14), Bigham alleges that Dressler provided him with an unsterile syringe. However, Bigham's grievance history report shows that Bigham did not grieve this matter. The same is true of Count III, Bigham's allegation that Bernardo failed to

AO 72
(Rev. 8/82)

treat his infected toe. First, Bigham commenced this action before filing a grievance at the informal level of the grievance process. *Jones v. Bock*, 549 U.S. 199, 211 (2007) (inmates are required to exhaust all remedies prior to filing a lawsuit). Second, Bigham failed to complete the grievance process in its entirety because his second level grievance was rejected as a result of his not complying with certain procedures when he filed his second level grievance. Therefore, the Court dismisses Counts I and III of Bigham's Amended Complaint.

## II.     MBI's Motion to Dismiss

### A.     Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949. Where

the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

**B.     Analysis**

Bigham is suing MBI because MBI allegedly sold expired syringes that were subject to recall to the prison. However, Bigham fails to allege which right MBI allegedly violated. Section 1983 is not a source of substantive rights, it merely provides a means to litigate an alleged violation of rights conferred under the Constitution. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). Also, Bigham fails to allege that MBI, a private company with no state-granted authority or contract to provide prison medical treatment, was acting under color of law.

Additionally, Local Rule 7-2(d) provides that failure to file points and authorities in opposition to a motion constitutes a consent that the motion be granted. *Abbott v. United Venture Capital, Inc.*, 718 F. Supp. 828, 831 (D. Nev. 1989). Courts have long held that a district court's local rules have the force of law equal to the federal rules or acts of Congress. *United States v. Hvass*, 355 U.S. 570, 574-75 (1958); *see also Weil v. Neary*, 278 U.S. 160, 169 (1929); *Marshall v. Gates*, 44 F.3d 722, 723 (9th Cir. 1995). The United States Supreme Court itself has upheld the dismissal of a matter for failure to respond under the local court rules. *Black Unity League of Ky. v. Miller*, 394 U.S. 100, 100-01 (1969).

Bigham's failure to file points and authorities in opposition to MBI's motion constitutes a consent that the motion be granted. Therefore, the Court grants MBI's motion to dismiss on this basis as well. Furthermore, MBI joined Dressler and Bernardo in their motion to dismiss for failure to exhaust (#39) and the Court finds merit in MBI's joinder as Bigham failed to grieve any claim regarding the alleged unsterile syringes. Accordingly, the Court dismisses Count II of Bigham's Amended Complaint.

AO 72
(Rev. 8/82)

### III. Dressler and Bernardo's Motion for Extension

Dressler and Bernardo seek an extension of the deadline to file dispositive motions due to the fact that the above motions are still pending. MBI joined this motion. However, as the Court has dismissed all of Bigham's claims this motion is obviously moot, and the Court denies it as such.

### CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Bernardo and Dressler's Motion to Dismiss (#31) is GRANTED.

IT IS FURTHER ORDERED that MBI's Motion to Dismiss (#34) is GRANTED.

IT IS FURTHER ORDERED that Bernardo and Dressler's Motion to Extend Time is DENIED as moot.

The Court instructs the Clerk of Court to close the case.

Dated: February 21, 2012

_____
**ROGER L. HUNT**
**United States District Judge**